```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK CONSOLMAGNO,              )
      Plaintiff,               )
                               )
      v.                       )    Civil Action No. 06-1097
                               )
HOME DEPOT,                    )
      Defendant.               )
```

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                December 6, 2006

This is an action in wrongful discharge. Plaintiff, Mark Consolmagno, alleges that defendant, Home Depot, wrongfully terminated his employment in violation of Pennsylvania public policy and an implied employment contract. Plaintiff seeks damages, attorney's fees and punitive damages. Defendant has filed a motion to dismiss arguing that plaintiff fails to present any cognizable legal theory that would entitle him to relief.

For the reasons set forth below, the motion will be granted.

I.   BACKGROUND

Accepting plaintiff's allegations as true, the following is the factual predicate for the case. Plaintiff was an employee with Home Depot from May 2000 through July 5, 2005. Throughout his employment, plaintiff received raises, earned good evaluations on his work performance and was awarded numerous merit badges through defendant's employment recognition process.

As a freight supervisor, plaintiff's job duties included supervising the arrival and unloading of freight into the store, tagging new freight and placing freight into overhead shelves, handling freight team members to ensure freight was put away and packed down in different departments, and ensuring the shelves were full for the opening of the store.

On or about April 18, 2005, plaintiff witnessed store supervisor Jeff Geib improperly loading lumber onto shelving units in a way that caused a serious safety hazard to the public, visitors to the store, as well as other co-workers. The weight and pressure of the heavy lumber caused the shelving poles to bend and pieces of lumber to fall from the shelf, creating a safety hazard. The entire shelf full of lumber was at imminent risk of falling or collapsing onto a person.

Pursuant to defendant's safety policies, plaintiff reported the safety violation and hazard to one of his store managers, Kim Eckrich. Manager Eckrich directed plaintiff to report the incident to defendant's safety manager for the district. Plaintiff then reported the incident to defendant's safety manager, Tom Bianco. Plaintiff also discussed other violations of company policies and rules concerning supervisor Geib, including instances when he marked down the price of items and then purchased them under defendant's family and friends discount

program. Plaintiff also reported instances when supervisor Geib harassed other employees.

Manager Bianco directed plaintiff to contact Ruth Honacki, a member of defendant's human resources department, concerning the lumber incident, which he did. Plaintiff was informed that the report would remain confidential until it was thoroughly investigated by defendant. Shortly thereafter, supervisor Geib called plaintiff into his office and questioned him regarding his reports to Bianco and Honacki.

Within a few weeks, on or about May 6, 2005, plaintiff received the first of a handful of disciplinary sheets for behavior classified by defendant as "minor infractions." Plaintiff had no prior history of disciplinary action until he reported the serious safety violation and hazardous working conditions pursuant to defendant's own rules.

Plaintiff was terminated on July 5, 2005 after a flurry of disciplinary write ups for minor infractions. Plaintiff's termination did not follow or comport with defendant's policies and rules for disciplinary action as set forth in defendant's various employee handbook(s) and/or posters and/or other rules and policies as communicated to plaintiff as conditions for employment.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the issue is not whether the plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to the plaintiff, and with all well pleaded factual allegations taken as true, does the complaint state any valid claim for relief. In this regard, the complaint will not be dismissed merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to independently examine the complaint to determine if the allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). Moreover, even a defective complaint will not be dismissed unless it appears to a certainty that the defect in the complaint can not be cured by amendment. Id. at 360-67 & nn.81-84.

It is on this standard that the court has reviewed defendant's motion. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is persuaded "beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, the motion to dismiss must be granted.

III.  DISCUSSION

A. Public Policies

Defendant has moved to dismiss plaintiff's complaint on the ground that plaintiff has not alleged any facts that implicate any public policy exception to his at-will employment status. According to defendant, plaintiff does not meet any of the narrow exceptions to at-will employment that the state of Pennsylvania recognizes.

Plaintiff alleges that it has set forth sufficient allegations to support a claim of wrongful termination due to violation of public policy, specifically a policy of occupational and public safety. Plaintiff alleges that the federal Occupational Safety and Health Act (OSHA) and Pennsylvania's Department of Labor and Industry safety regulations set forth a strong public policy of safety. According to plaintiff, any termination that violates this public policy creates an exception to the at-will employment doctrine. The court will dismiss the claim.

As a general rule, Pennsylvania does not recognize a cause of action for wrongful termination of an at-will employee. Clay

5

v. Advanced Computer Applications, Inc., 559 A.2d 917, 918 (Pa. 1989). Under Pennsylvania law, an at-will employee of a private sector employer "can be terminated for good reason, bad reason, or no reason at all." Nix v. Temple Univ., 596 A.2d 1132, 1135 (Pa. Super. 1991) (citations omitted). Pennsylvania has, however, recognized one exception to the general rule: an at-will employee may have a legitimate wrongful discharge claim against his employer, if his discharge threatens clearly mandated public policy. Geary v. United States Steel Corp., 319 A.2d 174, 184-85 (Pa. 1974).

In the instant case, plaintiff points to a federal law, OSHA, 29 U.S.C. § 655, et. seq., as a source of Pennsylvania's public policy for safety in the workplace. The Supreme Court of Pennsylvania has already rejected this argument in McLaughlin v. Gastrointestinal Specialists, Inc., 561 Pa. 307 (Pa. 2000). In that case, an employee complained that a toxic substance was stored in violation of OSHA standards, and was making her ill. In its opinion, the court stressed that throughout its jurisprudence it has "steadfastly resisted any attempt to weaken the presumption of at-will employment in this Commonwealth." Id. at 320. After careful analysis, the court held that a bald reference to a violation of federal regulation like OSHA was

insufficient to overcome the strong presumption in favor of the at-will employment relation. Id. at 321.

Plaintiff alleges that although not specifically set forth in his complaint, he is also relying on state regulations, namely Pennsylvania Department of Labor and Industry Safety Standards, 34 Pa. Code § 39.22 (d)(1), (3) and (e). This statute, according to plaintiff, sets forth an "obvious" public policy embodied in a legislative mandate that falls within the exception of "at-will" employment in the state of Pennsylvania.

Plaintiff has failed to point out, and this court has not found, any Pennsylvania precedent that has recognized that these administrative regulations are enough to create a public policy exception to at-will employment. Further, these regulations address both safety requirements and safety recommendations. The particular sections that plaintiff relies on are recommendations and as such, they are not enforceable under the statute. See 34 Pa. Code § 39.4. Moreover, the Pennsylvania legislature opted not to create a private cause of action under these regulations.

Even assuming that these regulations set forth a strong public policy that creates an exception to the at-will employment doctrine, plaintiff still fails to meet the requirements that Pennsylvania has set forth for a wrongful termination action. Specifically, plaintiff does not allege that he complained or

alerted any state agency about this safety concern. We are compelled to follow Pennsylvania Supreme Court precedent affirming dismissal of a claim where the plaintiff "ha[d] not established how a private report to an employer would undermine the workings of any Commonwealth agency or any statutory mechanism within the Commonwealth." McLaughlin at 316-317.

In spite of this clear language, Plaintiff argues that Rothrock v. Rothrock Motor Sales, 810 A.2d 114 (Pa. Super. 2003), somehow altered the landscape and that the issue is not whether the terminated party was directly invoking a right under a public policy but whether the employer's action "insults public policy." This is clearly not the case.

Rothrock involved an instance where an employee was fired for failing to dissuade another employee from filing for workers' compensation benefits. Interfering with an employee's right to workers' compensation benefits is against Pennsylvania's public policy. The question implicated in Rothrock was not whether the employer "insulted" public policy. The question was whether an employer would be allowed to evade what has already been declared a public policy of the state by firing an employee who refuses to engage in the unlawful act. Rothrock, therefore, did not alter the holding of McLaughlin.

8

Accordingly, defendant's motion to dismiss plaintiff's first cause of action must be granted.

B.  <u>Implied Contract</u>

Defendant also moves to dismiss plaintiff's claim for breach of an implied contract arguing that plaintiff had no contract with defendant, implied or otherwise. According to defendant, it is well settled Pennsylvania law that an employee handbook cannot create an implied contract unless it contains a clear indication that the employer intended to overcome the at-will presumption.

Plaintiff alleges that it has set forth the elements for breach of implied contract and refutes the contention that he is basing this claim on the mere issuance of an employee handbook. Rather, plaintiff argues, he is basing his claim on the "clear communication and expected strict adherence to various corporate policies and rules, including rules concerning the reporting of safety violations and progressive disciplinary stages to be followed prior to termination of an employee...communicated to employees via an employee handbook, disciplinary forms and/or posters in employee areas."

Again, we note that "the presumption under Pennsylvania law is that all employment is at-will, and, therefore, an employee may be discharged for any reason or no reason." <u>Luteran</u>

v. Loral Fairchild Corp., 455 Pa. Super. 364, 370 (Pa. Super. 1997). The burden of overcoming the presumption rests squarely with the employee. Rutherford v. Presbyterian-University Hospital, 417 Pa. Super. 316 (1992). In order to rebut the presumption of at-will employment, a party must establish one of the following: (1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration or (4) an applicable recognized public policy exception. Luteran at 370.

The Supreme Court of Pennsylvania in Luteran stressed that when alleging that an employee handbook created an implied contract, the handbook must contain a clear indication that the employer intended to overcome the at-will presumption. Moreover, courts should not presume that the employer intended to be legally bound by distributing the handbook nor that the employee believed that the handbook was a legally binding instrument. Id. at 371. The court stated that absent any language that the handbook was intended to be a legally binding contract, it could not hold that the employer intended to form a contract. This was in spite of the fact that the handbook stated that an employee "may only be discharged for just cause."

Plaintiff does not allege that the employee handbook, or any other posters or policies, included any language indicating

10

defendant's intent to form a contract. He has not alleged that (1) there was an agreement for a definite duration, (2) that there was an agreement that plaintiff would only be terminated for just cause, or (3) that there was sufficient consideration to create an implied contract. Instead, plaintiff alleges that defendant's "strict adherence" to a disciplinary process created an implied contract with plaintiff whereby he would not be terminated until certain disciplinary steps were taken. Under Pennsylvania law, this is simply not enough. Plaintiff at this stage must allege that the employer intended its policies to create a legally binding contract. Because he fails to make such allegations, we must also dismiss plaintiff's second count for breach of an implied contract.

IV.   Conclusion

Defendant's motion to dismiss is granted. The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK CONSOLMAGNO,<br>　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT,<br>　　　Defendant. | )<br>)<br>)<br>) Civil Action No. 06-1097<br>)<br>)<br>) |

## O R D E R

Therefore, this 6th day of December, 2006, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [document #4] is granted.

BY THE COURT:

_____, J.

cc:　All Counsel of Record

12